UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-60944-CIV-COHN/SELTZER

FIDENSIO FLORES FRANCO,

    Plaintiff,

v.

CHRISTOPHER CALDWELL, and
ALFRED T. LAMBERTI, as SHERIFF
of BROWARD COUNTY, Florida,

    Defendants.

_____/

**ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW AND MOTION FOR NEW TRIAL (D.E. #81)
AND SUPPLEMENTAL MOTION FOR NEW TRIAL (D.E. #83)**

    THIS MATTER is before the Court upon Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (D.E. #81) and Plaintiff's Supplemental Motion for New Trial (D.E. #83).  In his post-trial motions, Plaintiff claims that he is entitled to a new trial because the jury rendered inconsistent verdicts on his federal civil rights claim and his state law claim of false arrest (Jury Question 1 and Jury Question 5).  Plaintiff also contends that the jury rendered inconsistent verdicts within the state law claim itself with respect to the issues of liability and damages (Jury Question 5 and Jury Question 6).  A hearing on post-trial motions was held on October 26, 2011.

    1.    **Jury Question 1 and Jury Question 5**

    Plaintiff first contends that the jury rendered inconsistent verdicts because the jury reached opposite conclusions with respect to the probable cause inquiries in Plaintiff's claim under 42 U.S.C. § 1983 (Jury Question 1) and in Plaintiff's claim of false arrest under Florida law (Jury Question 5).  Specifically, the jury answered "no" when asked whether Defendant Caldwell "intentionally committed acts that violated the Plaintiff's federal constitutional rights under the Fourth Amendment not to be arrested without probable cause" (Jury Question 1), but answered "yes" when asked whether Defendant Caldwell "arrested Fidensio Flores Franco without probable cause" (Jury Question 5).

1

As stated at the October 26, 2011 hearing, however, Plaintiff concedes that the jury's answers to Jury Question 1 and Jury Question 5 are not inconsistent based on the law as it was presented to the jury. Rather, Plaintiff's challenge goes to the law as presented to the jury and specifically to the wording of the jury instructions and jury interrogatories. Plaintiff contends, as he did prior to and during the trial, that it was legally incorrect to include the word "intentionally" in both the jury instructions and jury interrogatories regarding Plaintiff's claim under § 1983. He claims that because the Court used the word "intentionally" in the context of the § 1983 claim, the jury answered the probable cause questions in the § 1983 claim (Jury Question 1) and state law tort claim (Jury Question 5) differently.

Including the word "intentionally" in the jury instructions and interrogatories for Plaintiff's § 1983 claim was not improper and, as this Court previously determined, was in fact consistent with Eleventh Circuit case law and pattern jury instructions and interrogatories. The instructions and interrogatories used by the Court in this case mirror, in all relevant respects, the pattern instructions specifically addressing civil rights violations brought pursuant to § 1983 for Fourth Amendment claims of unlawful arrest. Both the pattern jury instructions and the jury instructions used here instruct the jury that, to prevail on such a claim, a plaintiff must prove that a defendant "intentionally committed acts" that violated the plaintiff's federal constitutional right not to be arrested without probable cause. Similarly, both the interrogatories accompanying the pattern jury instructions and the interrogatories used here ask the jury to determine whether a defendant "intentionally committed acts" that violated a plaintiff's federal constitutional right not to be arrested without probable cause. Accordingly, Plaintiff's claim of any inconsistency between Jury Question 1 and Jury Question 5 due to the language used in the jury instructions and interrogatories must fail.[1]

### 2. Jury Question 5 and Jury Question 6

Plaintiff's second argument addresses apparent inconsistencies between the answers to Jury Question 5 and Jury Question 6 relating to his state law claim of false arrest. Specifically, Plaintiff contends that the jury rendered inconsistent verdicts by finding that Defendant Caldwell arrested the Plaintiff without probable cause (Jury Question 5) but that Defendant Caldwell's acts were not the

---

[1] In any event, even if the jury's answers to Jury Question 1 and Jury Question 5 are inconsistent, which, as previously noted, Plaintiff concedes they are not, the jury determined that Defendant Caldwell's actions were not the proximate or legal cause of any damages in Plaintiff's state law claim (Jury Question 6). There is no reason to assume that the jury would find differently had the jury reached the causation question in Plaintiff's claim under § 1983 (Jury Question 2).

proximate or legal cause of any damages (Jury Question 6). He argues that it is legally impossible for a person to be arrested and incarcerated for nearly twelve hours without suffering damages for loss of liberty, and, therefore, Plaintiff was entitled to nominal damages at a minimum. Accordingly, Plaintiff contends that the Court erred by discharging the jury without instructing the jury to continue deliberations to consider Plaintiff's entitlement to nominal damages.

Plaintiff's argument fails for several reasons. First, the jury instructions on Plaintiff's state law claim of false arrest adequately instructed the jury on the issue of nominal damages. Specifically, the jury instructions provided that if the jury found for Plaintiff but found that "no loss, injury, or damages has been proved," then the jury should award nominal damages. As such, there was no reason to re-instruct the jury on the issue of nominal damages after the jury rendered its verdict. Furthermore, no version of the proposed verdict form expressly requested a separate space for an award of nominal damages. Plaintiff's own proposed verdict form instructed the jury to "skip the remaining questions" should the jury find that Defendant Caldwell's acts were not the proximate or legal cause of any damages. Similarly, Plaintiff did not object to the absence of an interrogatory regarding nominal damages on the final verdict form actually submitted to the jury. Because Plaintiff failed to ensure that the portion of the verdict form addressing his state law tort claim of false arrest included an interrogatory regarding nominal damages, Plaintiff waived any entitlement to such damages. *See German v. Broward Cnty. Sheriff's Office*, No. 10-13117, 2011 WL 3847459, at *2 (11th Cir. Aug. 31, 2011) ("[A]lthough German sought and the court delivered a jury instruction regarding nominal damages, German failed to request an interrogatory on the verdict form regarding nominal damages. The verdict form only asked whether he should receive compensatory damages, and the jury was instructed not to answer that question when it determined that he was not injured by [defendant's] failure to provide needed medical care. Because German failed to seek nominal damages through a special interrogatory on the verdict form, he waived his entitlement to them.").

Plaintiff's final argument regarding the alleged inconsistency between Jury Question 5 and Jury Question 6 is based upon his speculative contention that the jury wanted to find against Broward Sheriff's Office on Plaintiff's state law claim, but could not do so because of an inadequate verdict form. Plaintiff argues that the jury's confusion is evident based on how the jury answered the interrogatories with respect to Plaintiff's state law claim of false arrest. Plaintiff argues that the jury originally answered "no" in response to Jury Question 5, which asked whether Defendant Caldwell

3

arrested Plaintiff without probable cause. Plaintiff contends that when the jury was not provided with a question to allow it to find that Broward Sheriff's Office subjected Plaintiff to false arrest, the jury crossed out the word "no" to Jury Question 5 and wrote in the word "yes." Plaintiff further contends that, when the jury reached Jury Question 6, which asked whether Defendant Caldwell's acts were the proximate or legal cause of damages sustained by Plaintiff, the jury was forced to answer "no" because the jury believed that Broward Sheriff's Office—not Defendant Caldwell—was the proximate or legal cause of the damages sustained by Plaintiff.[2]

      First, it is improper for the Court to speculate, as Plaintiff has in his post-trial motions, as to the reasons why the jury returned the interrogatory answers it did. Even assuming, however, that Plaintiff's speculative contentions regarding the jury's intent and thought processes are correct, Plaintiff's argument misses the mark. Imposing liability on Broward Sheriff's Office is not based on any independent action by Broward Sheriff's Office itself. Rather liability is based upon which Defendant is ultimately responsible for Defendant Caldwell's actions. In order for either Defendant to be liable to Plaintiff, the jury first had to find that Caldwell's actions—the false arrest itself—caused damages. Only then must the jury decide which Defendant should take responsibility for the damages that resulted from the unlawful arrest. Indeed, Jury Question 8 asked the jury to decide whether the verdict should be against Broward Sheriff's Office or against Defendant Caldwell. However, because the jury determined in Jury Question 6 that Caldwell's actions were not the proximate or legal cause of any damages sustained by Plaintiff, there was no need for the jury to reach the question regarding which Defendant should be held liable for such damages. Accordingly, Plaintiff's final argument must fail.

---

[2] Plaintiff argues that the jury's confusion occurred because the Court did not submit a second verdict form to the jury solely addressing Broward Sheriff's Office. While the Court originally proposed two verdict forms, one for Defendant Caldwell and one for the Broward Sheriff's Office, the Court ultimately decided to use one verdict form based on a revised form submitted by Defendants on June 20, 2011. Plaintiff's counsel was copied on the email by which Defendants submitted their revised form to the Court, and the Court provided Plaintiff's counsel with a copy of the Court's final verdict form the next day. Simple review of that verdict form would have alerted Plaintiff's counsel to the fact that the form contained all claims and addressed all Defendants and would have informed Plaintiff's counsel of the manner in which the verdict form addressed those claims and Defendants.

For the reasons stated above, it is hereby

ORDERED that Plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for New Trial (D.E. #81) and Plaintiff's Supplemental Motion for New Trial (D.E. #83) are DENIED.

DONE and ORDERED in Chambers at Miami, Florida, November 9, 2011.

Paul C. Huck
United States District Judge

Copies furnished to:
All Counsel of Record